CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 07 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLTON W. ARNOLD, | CASE NO. 7:17CV00453 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE, DIRECTOR, | By: Hon. Glen E. Conrad<br>United States District Judge |
| Respondent. | |

Carlton W. Arnold, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of Arnold's submissions, the court concludes that it must be summarily dismissed as untimely filed.[1]

I.

Arnold is confined under a judgment of the Circuit Court for the City of Charlottesville dated March 1, 2011, convicting him of robbery and abduction and sentencing him to 22 years in prison (No. CR10000278-01, -07.) He did not appeal. His submissions here indicate that he filed a complaint with the Virginia State Bar in 2011 because his attorney did not respond to his request for a copy of his file to use in preparing a habeas corpus petition. The complaint resulted in a private reprimand to the attorney in March 2013.

Arnold filed a state habeas corpus petition in the Circuit Court in 2013 (No. CL13000112-00). It was dismissed in October 2014, because the petition itself challenged Arnold's probation revocation that occurred in Albemarle County on March 2, 2011. As the Circuit Court noted, "In order to challenge an Albemarle County conviction (or revocation in a

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

habeas corpus action, the petitioner must file a habeas petition either in the Supreme Court of Virginia or in the Albemarle County Circuit Court [under Va. Code Ann. §§ 8.01-654(B)(1) and 17.1-310]." (Pet. Attach., at 37, ECF No. 7-2.) On September 27, 2016, Arnold filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia that was dismissed on procedural grounds on February 3, 2017.

Arnold signed and dated his § 2254 petition on October 13, 2017, stating under penalty of perjury that he was also placing his petition in the prison mailing system on that date. He alleges these grounds for habeas relief: (1) Arnold's attorney walked out while his preliminary hearing was still in progress, saying she did not need to be there; (2) Arnold's trial attorney failed to investigate his client's competency to stand trial and his sanity at the time of the offense, despite Arnold's long history of mental illness and mental retardation; (3) Arnold's trial attorney allowed him to enter an Alford plea without the benefit of a competency evaluation, making the plea invalid; and (4) Arnold instructed trial counsel to file a notice of appeal, but the attorney refused to do so. The court conditionally filed the petition, notified Arnold that it appeared to be untimely, and granted him an opportunity to provide any evidence or argument on that issue, which he has done.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding

timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

When the Circuit Court entered judgment against Arnold on March 1, 2011, he then had thirty days — until March 31, 2011 — to note an appeal to the Court of Appeals of Virginia, see Va. Code Ann. § 8.01-675.3. No such appeal was filed. Accordingly, Arnold's convictions became final and his federal habeas filing period began to run on March 31, 2011. That one-year filing period expired on March 30, 2012. Arnold did not file his § 2254 petition until October 13, 2017,[2] more than five years after his filing period ended. Thus, the petition is untimely under § 2244(d)(1)(A).[3]

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." Arnold's 2016 state habeas petition was not "properly filed," however, because he did not submit it in time under state law. See Va. Code Ann. § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence. . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."); Pace v. DiGuglielmo, 544 U.S. 408, 412 (2005) (holding that when state court dismisses state habeas petition as untimely, that petition is not "properly filed" for purposes of tolling under § 2244(d)(2)). Moreover, Arnold did not file his state habeas petition until well after the federal filing period had expired. Thus, the pendency of the state petition did not toll the federal time

---

[2] Under Rule 3(d) of the Rules Governing 2254 Cases, an inmate's habeas petition is considered to be filed on the date when he delivers it to prison authorities for mailing to the court.

[3] Arnold does not state any facts suggesting that he is entitled to have his federal filing period calculated under the other subsections of § 2244(d)(1), based on removal of a constitutional impediment, a new constitutional rule, or newly discovered facts. See 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D).

3

clock. Unless Arnold shows some ground for equitable tolling, his petition must be dismissed as untimely filed.

Equitable tolling is only available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Rouse v. Lee, 339 F .3d 238, 246 (4th Cir. 2003) (citation omitted). A "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace, 544 U.S. at 418; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). When the failure to file a timely petition is a result of petitioner's own lack of diligence or negligence, equitable tolling is not appropriate. Pace, 544 U.S. at 419; Rouse, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect.").

Arnold argues that lack of counsel in his initial state habeas proceeding should serve as grounds for equitable tolling of his federal filing period, pursuant to Martinez v. Ryan, 566 U.S. 1 (2012). His reliance on Martinez is misplaced. The Martinez decision did not create a new basis for equitable tolling of the federal habeas filing deadline. Rather, it addressed issues of procedural default of claims under state law, holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 17. Dismissal of Arnold's petition as untimely under § 2244(d)(1)(A) involves only the operation of a federal statute, not any default under state law. Thus, the Martinez rule concerning "when and how" lack of counsel in an initial state collateral proceeding "might [be cause to] excuse noncompliance with a state procedural rule is wholly inapplicable here." Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014). In other words, "the Martinez

4

rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period." Id. at 630.[4]

Arnold also contends that the court should equitably toll the federal filing period because of his mental retardation (he claims to have an IQ of less than 48), his inability to read and write well, his medications, and his limited access to legal materials and assistance from other inmates. He asks the court to "ha[ve] an open heart" and apply federal law to "protect the mentally handicapped." (Pet. Attach. 2, ECF No. 7-1.)

"As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." Sosa, 364 F.3d at 513 (concluding that petitioner had not presented evidence showing that asserted condition—schizoaffective disorder and generalized anxiety disorder—rose to level of profound mental incapacity to file timely petition). A bare assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005), affirmed by 549 U.S. 327 (2007). Similarly, unfamiliarity with the legal process, lack of representation, and illiteracy do not ordinarily constitute grounds for equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Simply stated, Arnold does not show that his mental health, educational deficits, lack of access to library materials, lack of habeas counsel, or any other extraordinary circumstance prevented him from filing a timely federal habeas petition. None of these factors was unknown to Arnold. He knew the facts necessary to his habeas claims in 2011, as reflected by his VSB

---

[4] See also Fisher v. Johnson, 174 F.3d 710, 714 15 (5th Cir. 1999) (holding lack of representation during filing period does not toll the period); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (same).

complaint against his former attorney. Yet, he sat on his rights until well after the filing period expired. Therefore, Arnold has not provided grounds on which to invoke equitable tolling.

III.

For the reasons stated, the court concludes that Arnold's § 2254 petition is untimely filed under § 2244(d), and that he fails to state facts warranting the invocation of equitable tolling. Accordingly, the court will summarily dismiss his petition. Moreover, because the petition must be dismissed as untimely filed, the court does not find exceptional circumstances that warrant appointment of counsel in this matter. See Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) (authorizing appointment of counsel in § 2254 case at court's discretion upon finding that "the interests of justice so require"). Therefore, the court will deny Arnold's motion for appointment of counsel.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Arnold.

ENTER: This 6th day of December, 2017.

_____
United States District Judge